UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KATHERYN H THERIOT | CASE NO. 6:17-CV-01688 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO ET AL | MAG. JUDGE WHITEHURST |

## RULING

Before the Court is a Motion to Dismiss for Failure to State a Claim filed by Defendants, State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company ("State Farm"). [Doc. No. 8] On April 4, 2018, Magistrate Judge Carol B. Whitehurst issued a Report and Recommendation [Doc. No. 22], recommending that the motion be denied. The Court issues this Ruling to address State Farm's Objections.

After conducting a de novo review, and having determined the Magistrate Judge's recommendation is correct under the applicable law, the Court hereby adopts the findings and recommendation of the Magistrate Judge, with the following exception: The Magistrate Judge states, "Theriot submits in her opposition and the record confirms that State Farm took no steps to have the concursus decided–it did not . . . seek an adjudication of competing claims. The concursus was abandoned by State Farm after the trial court in the succession proceeding rendered its judgment." [Doc. No. 22 at 3-4]. This finding is incorrect, as evidenced by the documents of which the Magistrate Judge took judicial notice, as well as by the Ruling of the Third Circuit Court of Appeal. *See Succession of Theriot*, 221 So.3d 862 at 875; Doc. Nos. 8-8 at 1; 8-13 at 3.

Before turning to the merits of the Objections, the Court addresses State Farm's Motion for Leave to File a Reply Brief in support of its Objection. On April 18, 2018, State Farm filed its Objections to the Magistrate Judge's Report and Recommendation. [Doc. No. 23]. On April 27, 2018, Plaintiff Katheryn Theriot filed a one paragraph Response to State Farm's Objections, which did not add any new argument, but merely adopted the previously filed Memorandum in Opposition to State Farm's Motion to Dismiss. [Doc. No. 24] On May 9, 2018, State Farm filed a Motion for Leave to file a Reply Brief in support of its Objection. [Doc. No. 27] Plaintiff has filed an Opposition to State Farm's Motion for Leave, arguing the motion should be denied, because "there is nothing new to reply to, and the new objections to the Magistrate Judge's Report and Recommendation were untimely." [Doc. No. 43]

Following a review of all briefing in this matter, the Court denies State Farm's Motion for Leave to file a Reply Brief. [Doc. No. 27] The proposed reply brief primarily restates arguments previously set forth in State Farm's original Objection, and additionally sets forth arguments that could and should have been raised in State Farm's original Objection, as they were previously set forth in the briefing before the Magistrate Judge. Courts generally do not consider arguments raised for the first time in a reply brief. *See Elwakin v. Target Media Partners Operating Co., LLC*, 901 F.Supp.2d 730, 745 (E.D.La. 2012); *Pennsylvania General Ins. Co. v. Story*, 2003 WL 2143551, *1 (N.D. Tex.). Because State Farm's proposed reply brief is unhelpful in deciding the issues before the Court in that it merely restates arguments already before it, State Farm's motion for leave is denied.

The Court now turns to State Farm's objections.

**Objection No. 1: The Report and Recommendation was not issued in response to a referral of State Farm's Motion to Dismiss to the Magistrate Judge and is therefore null. [Doc. No. 23-1 at 9]**

By this objection, State Farm contends "the Magistrate Judge's Report and Recommendation . . . was issued without a referral of State Farm's Motion to Dismiss . . . by a District Judge," and therefore, "the Report and Recommendation is null and should be treated as such by this court." [Doc. No. 23-1 at 9]. This objection is without merit. All motions in this case have been referred to the Magistrate Judge for Ruling or Report and Recommendation. [*See* Docket Entry dated December 29, 2017].

**Objection No. 2: Kathy Theriot's claim for additional money under the Agent's Agreement is barred by *res judicata*.**

By this objection State Farm contends:

The Report and Recommendation erred by concluding that Katheryn Theriot's claim for additional money under the Agent's Agreement did not exist at the time of the Third Circuit's judgment and that her claims in this lawsuit did not arise out of the same transaction and occurrence as the claim to such payments that Katheryn Theriot asserted in the succession proceeding.

[Doc. No. 23-1 at 11].

The Court finds the recommendation of the Magistrate Judge on this issue is correct. "To determine the preclusive effect of a prior Louisiana court judgment, if any, this court must apply Louisiana law." *Lafreniere Park Foundation v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000). "It is well settled that, on considering an exception of res judicata, the burden of proof is on the party who urges the exception to prove its essential elements. If there is any doubt as to its applicability, the exception must be overruled." *Lozier v. Estate of Elmer*, 996 So.2d 511, 514 (La. App. 5 Cir. 2008) (citations omitted); *see also Brown v. Drillers, Inc.*, 630 So.2d 741, 747 (La. 1994). "For res judicata to apply, the cause or causes of action asserted in the second suit must have existed at

the time of final judgment in the first litigation." *Burguieres v. Pollingue*, 843 So.2d 1049, 1056 (La. 2003).

In this matter, Ms. Theriot's claims for breach of contract, unjust enrichment, and an accounting of all termination payments did not arise until the Judgment of the Third Circuit, declaring Ms. Theriot to be the proper recipient of the initial termination payments, became final. *Id.* In the context of the facts of this particular case, it was necessary that the proper recipient of the initial termination payments be decided before any cause of action for breach of contract or unjust enrichment against State Farm arose in favor of Ms. Theriot. *Id.*

Additionally, for res judicata to preclude a second action, the cause or causes of action asserted in the second suit must arise out of the transaction or occurrence that was the subject matter of the first litigation. *Id.* at 1053. Further, "Louisiana courts recognize that 'a final judgement has the authority of *res judicata* only as to those issues presented in the pleadings and conclusively adjudicated by the court.'" *Insurance Co. of North America v. Louisiana Power & Light Co.*, 10 So.3d 264, 268 (La. App. 4 Cir. 2009) (quoting *Deckmann Assoc. v. IP Timberlands Operating Co., Ltd.*, 710 So.2d 1091, 1096 (La. App. 1 Cir. 1998)); *accord Mangano Consultants, Inc. v. Bob Dean Enterprises, Inc.*, 921 So.2d 1081, 1087 (La. App. 5 Cir. 2006). Here, the transaction or occurrence that was the subject matter of the succession proceeding was the transmission of John Patrick Theriot's estate to his legatees. La. Civ. Code arts. 871, 876. [Doc. No. 8-6] On May 5, 2015, "trial was held . . . on the issue of who is the proper party to receive the termination and extended termination payments in the Succession of John Patrick Theriot." [Doc. No. 8-13 at 1]. In its Reasons for Judgment the court noted, "The Court has not been provided the amount of these payments and is not concerned about the amount of these payments. The Court

must only determine the proper recipient of these payments pursuant to the Agency Agreement, the Will and the law." *Id.* at 3.[1]

The subject matter of the suit before this Court is whether State Farm breached its obligation to Ms. Theriot by failing to pay her Termination Payments "each month when the payments were due and owed," and for a "full accounting of all Termination Payments owed to Kathy Theriot." [Doc. No. 1-1 at 4, 9] The causes of action before this Court do not arise out of the transaction or occurrence that was the subject matter of the first litigation - *i.e.*, who was the proper party to receive the termination and extended termination payments from State Farm - but rather, they arise out of the obligation that the Third Circuit determined was owed by State Farm to Ms. Theriot. *See e.g. Lozier v. Estate of Elmer*, 996 So.2d 511, 513 (La. App. 5 Cir. 2008); *Succession of Turner*, 610 So.2d 919, 922 (La. App. 1 Cir. 1992). Further, the court hearing the succession explicitly stated it was concerned solely with the proper recipient of the initial termination payments, and not with any amounts owed by State Farm under the Agent's Agreement. As the pleadings and documents judicially noticed by the Magistrate Judge in connection with this motion do not support State Farm's argument that the issue of the amount of payments owed Ms. Theriot was presented in the succession pleadings, and because the foregoing materials support a finding that the amount owed by State Farm to Ms. Theriot was not "conclusively adjudicated by the court [hearing the succession]," the Court finds State Farm has failed to carry its burden and show the claims presented in this matter are barred by the defense of res judicata.

---

[1] Because State Farm was in possession of property of the estate, and because there were competing claims to that property, State Farm intervened in the succession suit and requested that it be granted leave to deposit the initial termination payments which had accrued by that time into the registry of the Court. [Doc. No. 8-6]. Subsequent to the May 5, 2015 trial, State Farm's concursus petition was denied and dismissed. *Succession of Theriot*, 221 So.3d 862, 865 & 875 (La. App. 3 Cir. 2017).

**Objection No. 3: Kathy Theriot has failed to state a claim for unjust enrichment; further, her claim is barred by *res judicata*. [Doc. No. 23-1 at 13][2]**

By this objection, State Farm first contends Ms. Theriot has failed to state a claim for unjust enrichment because such a claim "is subsidiary in nature and is not available if the law provides another remedy." [Doc. 23-1 at 13 (citing *Walters v. MedSouth Record Management, LLC*, 38 So.3d 245, 246 (La. 2010)]. According to State Farm, because Ms. Theriot's claim for unjust enrichment is asserted "as an alternative to delay damages" arising from an alleged breach of contract, "the law affords her another remedy," and therefore "Katheryn Theriot has no viable claim for unjust enrichment." *Id.* at 13.

The Court finds in light of State Farm's assertions that Ms. Theriot is not a party to the Agent's Agreement, she was not assigned her husband's rights under the contract, she is not a "contractual beneficiary of the Agent's Agreement," and she "does not have the ability to enforce any contractual rights under the Agent's Agreement between State Farm and her deceased husband's corporation," dismissal of Plaintiff's claim for unjust enrichment, which is pleaded in the alternative in the event Plaintiff cannot prevail on her contractual claims[3], is premature at this time. *Id.* at 8, 21, 22. "[I]t is not the success or failure of other causes of action, but rather the *existence* of other causes of action, that determine whether unjust enrichment can be applied." *Garber v. Badon & Ranier*, 981 So.2d 92, 100 (La. App. 3 Cir. 2008). In the absence of a contract, enrichment without cause may provide the only legal remedy for a plaintiff's recovery. *See e.g. Meadaa v. K.A.P. Enterprises, L.L.C.*, 756 F.3d 875, 884 (5th Cir. 2014). Accordingly, the Court

---

[2] The Magistrate Judge did not address this argument, which was set forth in State Farm's motion to dismiss. [Doc. 8-1 at 17].

[3] *See* Doc. No. 15 at 12 (Ms. Theriot "has pled for moratory damages under Louisiana law and alternatively, unjust enrichment."); *see also* Fed. R. Civ. P. 8(a)(3).

finds dismissal of Plaintiff's unjust enrichment claim is premature at this time, because whether Plaintiff has another remedy at law remains in dispute.

With regard to State Farm's second argument, that Ms. Theriot's claim for unjust enrichment is barred by *res judicata*, for the reasons provided in the Section entitled "Objection No. 2," *supra*, this objection is denied.

**Objection No. 4: Katheryn Theriot has failed to state a claim for bad faith breach of the Agent's Agreement between State Farm and Pat Theriot's corporation. [Doc. 23-1 at 14]**

The Court agrees with the Magistrate Judge that Plaintiff has adequately stated a claim for bad faith breach of contract, pursuant to La. Civ. Code art. 1997. The Court further finds the arguments State Farm makes in support of this objection are more appropriately made at trial, or in a motion for summary judgment.

**Objection No. 5: Katheryn Theriot has failed to state a claim against State Farm for breach of its duty of good faith and fraud by concealment. [Doc. 23-1 at 18]**

To the extent State Farm objects to the recommendation of the Magistrate Judge on the basis that these claims are barred by *res judicata*, for the reasons provided in the Section entitled "Objection No. 2," *supra*, this objection is denied.

To the extent State Farm objects to the recommendation on the basis that the Complaint fails to state a claim for damages "that are a direct consequence of State Farm's failure to provide an accounting," the Court agrees with the Magistrate Judge that such claims have been adequately pleaded. The Court further finds the arguments State Farm makes in support of this objection are more appropriately made at trial, or in a motion for summary judgment.

**Objection No. 6: Katheryn Theriot is not the proper party to assert any claim under the Agent's Agreement nor to assert a claim for an accounting. [Doc. 23-1 at 21]**

The Magistrate Judge found, based on the allegations of the Complaint and the Third Circuit's Ruling, "that Plaintiff has alleged a plausible right of action for her breach of contract and duty of good faith and fair dealing claims against State Farm." [Doc. No. 22 at 16-17]. State Farm objects to this recommendation, arguing Ms. Theriot "is not a proper party and has no right to assert any claims with respect to Section IV Termination Payments or to an accounting," because "[no] court ever placed Kathy Theriot in possession of the Section IV Termination Payments." [Doc. 23-1 at 23, 24]. According to State Farm, only the Executor of Mr. Theriot's estate may assert this claim. *Id.* at 23. Plaintiff responds:

> [T]he facts as alleged in the Petition establish that Kathy Theriot was assigned all rights to receive termination payment [sic] under the Agent's Agreement. Under Louisiana Civil Code Article 2642, Kathy Theriot, as assignee, became subrogated to all rights which Pat Theriot had in connection with the Agent's Agreement. As the obligee, Kathy Theriot has every right to enforce the contract and insist upon full and proper performance.

[Doc. No. 15 at 14-15].

The Court agrees with the recommendation of the Magistrate Judge. While State Farm is correct that no "Judgment of Possession" has been presented to this Court which is in strict compliance with the requirements of La. Code Civ. P. arts. 3381 and 3061, the Court finds that fact does not lead to the conclusion that Ms. Theriot "does not have the ability to enforce any contractual rights under the Agent's Agreement between State Farm and her deceased husband's corporation." [Doc. 23-1 at 22]. "Immediately at the death of the decedent, . . . particular successors acquire ownership of the things bequeathed to them." La. Civ. Code art. 935. La. Code of Civ. P. art. 426 provides, "An action to enforce an obligation is transmitted to the obligee's legatee under a particular title only when it relates to the property disposed of under the particular title." In this

matter, the action to enforce the obligaton relates to the property disposed of under particular title, namely Mr. Theriot's transmission of the termination payments to his wife Katheryn Theriot. Further, La. Code of Civ. P. art. 685 provides "the succession representative . . . is the proper plaintiff to sue to enforce a right of the deceased or of his succession, *while the matter is under administration*." *Id.* (emphasis added). State Farm admits "the succession was closed in December 2017." [Doc. 23-1 at 23 (citing Doc. No. 20-1]. Thus, the Court finds State Farm has failed to carry its burden and show Ms. Theriot is not the proper party to bring this action. *See e.g.* La. Civ. Code art. 935, comments (c) and (d); La. Civ. Code art. 938(B) and comments(c) and (g).

For the reasons set forth above, State Farm's Motion for Leave [Doc. No. 27] is DENIED, and State Farm's Motion to Dismiss [Doc. No. 8] is DENIED.

MONROE, LOUISIANA, this 5th day of July, 2018.

**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**