UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| KATHERYN H. THERIOT, | CIVIL ACTION |
|---|---|
| Plaintiff | |
| VERSUS | NO. 17-1688 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL., | SECTION: "E" (3) |
| Defendants | |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendants State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Insurance Company, and State Farm General Insurance Company ("State Farm").[1] Plaintiff Katheryn Theriot opposes the motion.[2] State Farm filed a reply.[3] For the following reasons, the motion is **DENIED**.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Katheryn Theriot is the surviving spouse of John Patrick Theriot ("Mr. Theriot"), who was an agent/broker for State Farm before his death on September 16, 2013.[4] The parties do not dispute that Mr. Theriot and State Farm entered into an Agent's Agreement which provides for the payment of certain termination payments.[5] According to the Agent's Agreement, Section IV Termination Payments became payable upon Mr. Theriot's death.[6] Section V Extended Termination Payments begin in September of 2018, the 61st month after Mr. Theriot's death.[7] It is undisputed that the Agent's Agreement

---

[1] R. Doc. 25.
[2] R. Doc. 70.
[3] R. Doc. 80.
[4] R. Doc. 1-1 at ¶¶ 2, 6; R. Doc. 1 at ¶ 5.
[5] R. Doc. 25-4 at ¶ 3; R. Doc. 70-11 at ¶ 3.
[6] R. Doc. 25-4 at ¶ 3; R. Doc. 70-11 at ¶ 3.
[7] R. Doc. 25-4 at ¶ 3; R. Doc. 70-11 at ¶ 3.

1

outlines the formula for calculating Section IV and Section V Termination Payments.[8] On May 17, 2017, the Louisiana Third Circuit Court of Appeals determined Plaintiff Katheryn Theriot is the proper recipient of the Section IV and Section V Termination Payments.[9]

The parties do not dispute that State Farm has made several termination payments under Section IV and Section V of the Agent's Agreement.[10] In 2013, State Farm paid the Executor of Mr. Theriot's succession one Section IV Termination Payment in the amount of $14,471.27; the executor forwarded the payment to Plaintiff.[11] State Farm made a second payment in the amount of $650,000 to Plaintiff on October 10, 2017 for Section IV Termination Payments.[12] State Farm made a third Section IV payment on October 24, 2017 in the amount of $24,846.11.[13] State Farm also made monthly Section IV Termination Payments from October of 2017 to September of 2018.[14] On October 31, 2018, State Farm began paying Plaintiff monthly Section V Extended Termination Payments in the amount of $6,144.98.[15] State Farm will continue making these monthly payments to Plaintiff for the remainder of her life.[16]

The parties dispute whether the payments made by State Farm constitute the total amount of Section IV and Section V Termination Payments owed. State Farm contends it has paid any and all amounts that accrued for Section IV Termination Payments and that it will pay Plaintiff $6,144.98 per month for Section V Extended Termination Payments,

---

[8] R. Doc. 25-4 at ¶ 3; R. Doc. 70-11 at ¶ 3.
[9] R. Doc. 1-1 at ¶ 10; R. Doc. 55 at ¶ 10.
[10] R. Doc. 25-4 at ¶¶ 4, 7; R. Doc. 70-11 at ¶¶ 4, 7.
[11] R. Doc. 25-4 at ¶ 4; R. Doc. 70-11 at ¶ 4.
[12] R. Doc. 25-4 at ¶ 4; R. Doc. 70-11 at ¶ 4.
[13] R. Doc. 25-4 at ¶ 4; R. Doc. 70-11 at ¶ 4.
[14] R. Doc. 25-4 at ¶¶ 5-6; R. Doc. 70-11 at ¶¶ 5-6.
[15] R. Doc. 25-4 at ¶ 7; R. Doc. 70-11 at ¶ 7.
[16] R. Doc. 25-4 at ¶ 7; R. Doc. 70-11 at ¶ 7.

beginning October 31, 2018.[17] Plaintiff disputes whether the Section IV Termination Payments and the monthly Section V Extended Termination Payments represent the full amount owed because she is unable to verify the data used in the calculation of the Termination Payments to confirm the proper amount was and will be paid.[18]

On November 20, 2017 Plaintiff filed the instant lawsuit, seeking "all amounts which were due to her under the Agent's Agreement" and "all additional amounts owed to her as the sole beneficiary of the Termination Payments owed by State Farm under the Agent's Agreement."[19] On May 8, 2018, State Farm filed the instant Motion for Summary Judgment, arguing it is entitled to judgment as a matter of law on Plaintiff's claims for Section IV and Section V Termination Payments.[20]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21] "An issue is material if its resolution could affect the outcome of the action."[22] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[23] All reasonable inferences are drawn in favor of the non-moving party.[24] There is no genuine issue of material fact if, even viewing the evidence in the light most

---

[17] R. Doc. 25-4 at ¶ 4, 8. At the time State Farm filed its Motion for Summary Judgment, it had not begun to pay Section V Extended Termination Payments.
[18] R. Doc. 70-11 at ¶ 5.
[19] R. Doc. 1-1 at ¶¶ 22, 24.
[20] R. Doc. 25.
[21] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[22] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[23] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[24] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[25]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[26] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[27]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[28] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[29] If the moving party successfully carries this burden, the

---

[25] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[26] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[27] *Celotex*, 477 U.S. at 322–24.
[28] *Id.* at 331–32 (Brennan, J., dissenting).
[29] *See id.* at 332.

burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[30] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[31] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[32]

## LAW AND ANALYSIS

First, State Farm argues it is entitled to summary judgment on Plaintiff's claim for Section IV Termination Payments because it has paid Plaintiff all of the Section IV Termination Payments owed to her. State Farm provides the declaration of Kenneth Large, a Business Analysist with State Farm.[33] Mr. Large itemizes the dates and amounts of the various Section IV Termination Payments made to Plaintiff and declares, "Plaintiff Katheryn Theriot has been paid all Section IV Termination Payments that she is entitled

---

[30] *Id.* at 322–24.
[31] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[32] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[33] R. Doc. 25-2 (Exhibit 1).

to under the Agent's Agreement."[34] State Farm also provides correspondence with Plaintiff's counsel, listing the date and amount of each Section IV Termination Payment.[35]

State Farm has failed to demonstrate it is entitled to judgment as a matter of law on Plaintiff's claim for Section IV Termination Payments. The unilateral declaration by State Farm that it has paid Plaintiff all she is owed in Section IV Termination Payments, without facts regarding the calculation of the payments to demonstrate the declaration is correct, does not satisfy State Farm's burden as the movant on summary judgment.[36] "[U]nsubstantiated assertions are not competent summary judgment evidence."[37] State Farm has not submitted affirmative evidence to negate Plaintiff's claim that she is owed additional amounts in Section IV Termination Payments.[38] As a result, State Farm's Motion for Summary Judgment on Plaintiff's claim for Section IV Termination payments is denied.

Second, State Farm argues Plaintiff's claim for Section IV Termination Payments is extinguished through accord and satisfaction. Accord and satisfaction is an affirmative defense applicable when there is an unliquidated or disputed claim between the debtor and creditor, a tender by the debtor for less than the sum claimed, and acceptance of the tender by negotiation of the check.[39] Mutual consent and understanding of the transaction are required for accord and satisfaction.[40]

---

[34] R. Doc. 25-2 (Exhibit 1) at ¶ 129.
[35] R. Doc. 25-2 (Exhibit 5).
[36] *Celotex*, 477 U.S. at 331–32 (Brennan, J., dissenting).
[37] *Ragas*, 136 F.3d at 458.
[38] *Celotex*, 477 U.S. at 3231-32.
[39] *Anesthesia East, Inc. v. Bares*, 594 So.2d 1085, 1087 (La. App. 4 Cir. 1992).
[40] *Precision Drywall & Painting, Inc. v. Woodrow Wilson Constr. Co.*, 2003-0015 (La. App. 3 Cir. 4/30/03), 843 So. 2d 1286, 1289.

State Farm has not met its burden as the movant to "come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial'" with respect to the defense of accord and satisfaction.[41] State Farm's statement of uncontested material facts does not contain facts related to the mutual consent and understanding of the parties with respect to the Section IV Termination Payments made by State Farm to Plaintiff.[42] State Farm has not identified portions of the record to support its argument that Plaintiff's claim for Section IV Termination Payments is extinguished through accord and satisfaction. As a result, State Farm's Motion for Summary Judgment on the defense of accord and satisfaction to Plaintiff's claim for Section IV Termination Payments is denied.

Third, State Farm argues it is entitled to summary judgment on Plaintiff's claims for Section V Extended Termination Payments because those payments were not due at the time Plaintiff filed the instant suit and, as a result, Plaintiff's Petition did not state a claim for Section V Extended Termination Payments or put State Farm on notice of such a claim. In the Petition, Plaintiff does not distinguish between Section IV and Section V Termination Payments.[43] Plaintiff requests an accounting of all Termination Payments owed "from the date the first payment became due . . . through the present date, and into the future" and seeks to recover "all additional Termination Payments owed as determined by a complete accounting."[44] October 31, 2018, State Farm began paying Plaintiff monthly Section V Extended Termination Payments in the amount of

---

[41] *Celotex*, 477 U.S. at at 332–33; *Int'l Shortstop, Inc.*, 939 F.2d at 1263–64 (quoting *Golden Rule Ins. Co.*, 755 F. Supp. at 951).
[42] R. Doc. 25-4.
[43] R. Doc. 1-1.
[44] R. Doc. 1-1 at 8.

7

$6,144.98.[45] The parties dispute whether the amount of monthly Section V payments constitutes the total amount owed.[46] As a result, State Farm's motion for summary judgment with respect to Plaintiff's claims for Section V Extended Termination Payments is denied.

## CONCLUSION

**IT IS ORDERED** that the Motion for Partial Summary Judgment[47] filed by Defendants State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Insurance Company, and State Farm General Insurance Company is **DENIED**.[48]

**New Orleans, Louisiana, this 21st day of March, 2019.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[45] R. Doc. 25-2 at ¶ 124-28.
[46] R. Doc. 70-11 at ¶ 3.
[47] R. Doc. 25.
[48] R. Doc. 30 is DENIED AS MOOT.