UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| KATHERYN H. THERIOT,<br>    Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-1688 |
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY, ET AL.,<br>    Defendants | SECTION: "E" (3) |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendants State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Insurance Company, and State Farm General Insurance Company ("State Farm").[1] Plaintiff Katheryn Theriot opposes the motion.[2] State Farm filed a reply.[3] For the following reasons, the motion is **GRANTED**.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Katheryn Theriot is the surviving spouse of John Patrick Theriot ("Mr. Theriot"), who was an agent/broker for State Farm before his death on September 16, 2013.[4] The parties do not dispute that Mr. Theriot and State Farm entered into an Agent's Agreement which provides for the payment of certain termination payments.[5] Plaintiff points out that the Agent's Agreement was amended by the following contracts: (1) Termination Payment Amendment, (2) Extended Termination Payment Amendment, (3) Irrevocable Assignment of Extended Termination Payments, and (4) Election to Receive

---

[1] R. Doc. 56.
[2] R. Doc. 75.
[3] R. Doc. 84.
[4] R. Doc. 1-1 at ¶¶ 2, 6; R. Doc. 1 at ¶ 5.
[5] R. Doc. 56-2 at ¶ 4; R. Doc. 75-1 at ¶ 4.

1

Extended Termination Payments Under the Joint and 66-2/3% to Survivor Option.[6] The parties do not dispute that, after Mr. Theriot's death on September 16, 2013, State Farm paid the Executor of Mr. Theriot's succession one Section IV Termination Payment in the amount of $14,471.27; the executor forwarded the payment to Plaintiff.[7]

Plaintiff alleges she litigated the issue of whether she was the proper beneficiary of the termination payments in her husband's succession proceeding, *Succession of John Patrick Theriot*, Probate Docket Number 15421, 16th Judicial District Court, St. Martinville, Louisiana.[8] The Court takes judicial notice of the proceedings filed in this record.[9] After Mr. Theriot's death, the executor of his estate filed a petition for possession to place Katheryn Theriot in possession of the termination payments.[10] Mr. Theriot's testamentary trust, established in favor of his children from a previous marriage, disputed Katheryn Theriot's rights to receive the termination payments.[11] The Louisiana Third Circuit Court of Appeal held the termination payments are owed to Plaintiff.[12]

In the instant suit, Plaintiff first alleges State Farm breached the Agent's Agreement in bad faith when it failed to pay her termination benefits, requiring her to incur attorneys' fees in the succession proceeding.[13] As a result, Plaintiff brings a cause of action for breach of contract and breach of the duties of good faith and fair dealing,

---

[6] R. Doc. 75-1 at ¶ 4.
[7] R. Doc. 56-2 at ¶ 5; R. Doc. 75-1 at ¶ 5.
[8] R. Doc. 1-1 at 9.
[9] *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) (*quoting Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir.1998) ("A court may take judicial notice of 'a document filed in another court . . . to establish the fact of such litigation and related filings.'")); *see also* FED. R. EVID. 201.
[10] R. Doc. 8-3.
[11] R. Doc. 8-4.
[12] *Succession of Theriot*, 2016-639 (La. App. 3 Cir. 5/17/17); 221 So.3d 862.
[13] R. Doc. 1-1 at ¶¶13, 23.

2

seeking damages including "attorneys fees and litigation expenses within the probate proceeding."[14]

Plaintiff also alleges State Farm has breached the Agent's Agreement, committing fraud by concealment "[b]y refusing to provide an accounting for its partial payments, and by refusing to reveal the data used to calculate the Termination Payments."[15] Plaintiff seeks an award of attorneys' fees incurred in this proceeding, citing Louisiana Civil Code articles 1994, 1996, and 1997, due to State Farm's breach of contract through fraud by concealment.[16] State Farm moves for summary judgment on Plaintiff's claims for attorneys' fees incurred in both the probate proceeding and the instant proceeding.[17]

## LEGAL STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[18] "An issue is material if its resolution could affect the outcome of the action."[19] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[20] All reasonable inferences are drawn in favor of the non-moving party.[21] There is no genuine issue of material fact if, even viewing the evidence in the light most

---

[14] *Id.* at ¶ 13.
[15] *Id.* at ¶ 21.
[16] *Id.* at ¶ 23.
[17] R. Doc. 56.
[18] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[19] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[20] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[21] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[22]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[23] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[24]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[25] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[26] If the moving party successfully carries this burden, the

---

[22] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[23] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[24] *Celotex*, 477 U.S. at 322–24.
[25] *Id.* at 331–32 (Brennan, J., dissenting).
[26] *See id.* at 332.

burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[27] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[28] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[29]

## **LAW AND ANALYSIS**

State Farm moves for summary judgment on Plaintiff's claims for attorneys' fees incurred in the probate proceedings, as well as those incurred in the instant proceedings, arguing there is no statute or contractual provision entitling Plaintiff to an award of attorneys' fees with respect to either action.[30] Under Louisiana law, attorneys' fees generally are not recoverable unless authorized by statute or contract.[31] The Fifth Circuit

---

[27] *Id.* at 322–24.
[28] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[29] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[30] R. Doc. 56.
[31] *State, Dept. of Transp. & Dev. v. Williamson*, 597 So. 2d 439, 441 (La. 1992) (citing *Huddleston v. Bossier Bank and Tr. Co.*, 475 So.2d 1082 (La. 1985)).

has explained, "[i]t is beyond peradventure that, under Louisiana law, attorney's fees are recoverable only if they are authorized by statute or by contract."[32]

State Farm seeks judgment as a matter of law because Plaintiff cannot demonstrate an essential element of her claim, that a contractual or statutory provision authorizes her recovery of attorneys' fees. The parties do not dispute the identification of the Agent's Agreement entered into between Mr. Theriot and State Farm.[33] Plaintiff points out that the Agent's Agreement was amended by several subsequent contracts.[34] There is no question that neither the Agent's Agreement nor the amendments provide for an award of attorneys' fees.[35] Accordingly, there is no contractual provision to support Plaintiff's claim for attorneys' fees.

State Farm moves for judgment as a matter of law because there is also no statutory provision permitting Plaintiff's recovery of attorneys' fees. State Farm argues that attorneys' fees are not recoverable under the code articles cited by Plaintiff in the Petition. The Fifth Circuit has held, "[u]nder Louisiana law . . . attorney's fees characterized as breach of contract damages are not compensable under Article 1994 and its corresponding statutes."[36] To defeat State Farm's motion for summary judgment,

---

[32] *Homestead Ins. Co. v. Gaurentee Mut. Life Co.*, 459 F. App'x 398, 404 (5th Cir. 2012) (*citing Sher v. Lafayette Ins. Co.*, 988 So.2d 186, 201 (La. 2008) ("Louisiana courts have long held that attorney's fees are not allowed except where authorized by statute or contract."); *Hernandez v. Harson*, 237 La. 389, 111 So.2d 320, 327 (La. 1959); *Chauvin v. La Hitte*, 229 La. 94, 85 So.2d 43, 45 (La. 1956) ("On numerous occasions this court has said that ordinarily attorney's fees are not assessable as an item of damages unless provided for by law or by contract. The clear import of the language of the opinions is that no award of them can be made if not so particularly authorized.")).
[33] R. Doc. 56-2 at ¶ 4; R. Doc. 75-1 at ¶ 4.
[34] R. Doc. 75-1 at ¶ 4.
[35] Both parties have filed the Agency Agreement into the record. R. Doc. 25-2; R. Doc. 70-1. Plaintiff has filed the amendments to the Agency Agreement into the record. R. Doc. 70-2.
[36] *Homestead*, 459 F. App'x at 405.

Plaintiff must draw the Court's attention to supporting evidence overlooked or ignored by State Farm or demonstrate a genuine issue of material fact exists.[37]

## I. Probate Proceeding Attorneys' Fees

Plaintiff contends she is entitled to an award of attorneys' fees incurred in the probate proceeding, under Louisiana Civil Code article 1997, because the attorneys' fees she incurred in the probate proceeding are economic damages incurred as a result of State Farm's bad faith breach of contract.[38] Louisiana Civil Code article 1997 provides, "[a]n obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform."

Plaintiff relies on *Kadlec Medical Center v. Lakeview Anesthesia Associates* to support her argument that the Court may award attorneys' fees incurred in prior litigation as economic damages in a subsequent suit.[39] In *Kadlec*, a physician's former practice group made intentional and negligent misrepresentations in response to a credentialing request by the physician's new employer.[40] The practice group omitted information regarding its termination of the physician for on-duty drug use, an investigation into the physician's suspicious withdrawals of a narcotic drug, and any other negative information regarding the doctor.[41] While under the influence of drugs at his new place of employment, the physician's negligent performance led to the near-death of a patient,

---

[37] *Celotex*, 477 U.S. at 332-33.
[38] R. Doc. 75 at 3-4; R. Doc. 75-2 at 1-2.
[39] *Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc.*, 2006 WL 8446278, at *1 (E.D. La. Mar. 7, 2006) *aff'd in part & rev'd in part* 527 F.3d 412 (5th Cir. 2008).
[40] *Kadlec*, 527 F.3d at 416-17
[41] *Id.*

7

leading to a medical malpractice lawsuit against the new employer.[42] As a result, the new employer expended costs and attorneys' fees defending the malpractice lawsuit.[43]

In a subsequent suit brought by the new employer against the former practice group, the new employer sought to recover the attorneys' fees incurred in defending the malpractice suit, which the new employer alleged it incurred as a result of the former practice group's negligent and intentional misrepresentations.[44] The Fifth Circuit upheld an award for attorneys' fees the new employer incurred in defending the malpractice lawsuit, relying on Section 914(2) of the Second Restatement of Torts.[45] The Restatement provides,

> One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for the loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action.[46]

The Fifth Circuit explained, "Plaintiffs, due to the torts of the defendants, were required to expend costs and attorney's fees defending the [malpractice] lawsuit . . . In this lawsuit, plaintiffs proved that defendants were legally responsible for their financial damages, which included costs and attorney's fees."[47]

Plaintiff's arguments are not persuasive. First, *Kadlec* is not applicable to this case. *Kadlec* involved a claim for attorneys' fees incurred due to the *tortious* acts of a defendant.[48] The reasoning of *Kadlec* relies on the Restatement (Second) of *Torts*. In this

---

[42] *Id.* at 415.
[43] *Id.* at 426.
[44] *Kadlec*, 2006 WL 8446278, at *1 *aff'd in part & rev'd in part* 527 F.3d 412 (5th Cir. 2008).
[45] *Id.* at 426.
[46] RESTATEMENT (SECOND) OF TORTS § 914.
[47] *Kadlec*, 527 F.3d at 426.
[48] *Id.*

case, Plaintiff brings *breach of contract* claims against State Farm.[49] As a result, the reasoning of *Kadlec* does not apply to Plaintiff's claim for attorneys' fees incurred in the probate proceeding.

Second, Plaintiff has not satisfied her burden on summary judgment of showing there is a disputed issue of material fact as to whether she is entitled to recover attorneys' fees under the reasoning of *Kadlec*. If *Kadlec* did apply, to recover attorneys' fees under this case, Plaintiff would have to show that an underlying tort by the defendant caused her to bring or defend an action against a third party to protect her interests.[50] Plaintiff's statement of facts precluding summary judgment includes no facts purporting to show that State Farm committed a tort or that State Farm's wrongful act required Plaintiff to take legal action against a third person.[51]

Further, the Court's review of the probate proceedings filed in this record does not reflect that State Farm committed an underlying tortious act.[52] Instead, Mr. Theriot's children from a previous marriage contested Plaintiff's right to receive the termination payments, leading to Plaintiff's involvement in the underlying succession litigation.[53] Because of competing claims to the termination payments, State Farm intervened in the probate proceedings, filing a Petition in Intervention for Concursus.[54] State Farm had a right to protect its interests and ensure it disbursed the termination payments to the proper party. As a result, Plaintiff has failed to meet her burden on summary judgment,

---

[49] R. Doc. 1-1.
[50] RESTATEMENT (SECOND) OF TORTS § 914.
[51] R. Doc. 75-2.
[52] R. Docs. 8-4 to 8-16.
[53] *Succession of Theriot*, 2016-639 (La. App. 3 Cir. 5/17/17); 221 So.3d 862; R. Doc. 8-4.
[54] R. Doc. 8-6.

9

and State Farm is entitled to judgment as a matter of law denying Plaintiff's claim for attorneys' fees incurred in the probate proceeding.

## II. Attorneys' Fees in the Instant Action

Plaintiff contends she is entitled to an award of attorneys' fees in the instant action because State Farm breached the Agent's Agreement in bad faith and committed fraud by concealment.[55] In the Petition, Plaintiff alleges "she is entitled to damages under Louisiana Civil Code Article 1994, 1996 and/or 1997. State Farm's fraud by concealment renders it fully liable for attorneys' fees in this proceeding."[56]

Louisiana Civil Code article 1994 provides, "[a]n obligor is liable for the damages caused by his failure to perform a conventional obligation. Article 1996 provides, "[a]n obligor in good faith is liable only for the damages that were foreseeable at the time the contract was made." The Fifth Circuit has held, "[u]nder Louisiana law . . . attorney's fees characterized as breach of contract damages are not compensable under Article 1994 and its corresponding statutes."[57]

Article 1997 provides, "[a]n obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform." The Louisiana Supreme Court has held Article 1997 does not permit recovery of attorneys' fees incurred as a result of an obligor's bad faith breach of contract.[58] As a result, Plaintiff may not recover attorneys' fees incurred in the instant proceeding as a result of State Farm's alleged bad faith breach of contract.

---

[55] R. Doc. 75 at 7-8.
[56] R. Doc. 1-1 at ¶ 23.
[57] *Homestead*, 459 F. App'x at 405.
[58] *Delta Truck & Tractor, Inc. v. Navistar Inst'l Transp. Corp.*, 833 F. Supp. 587, 590-91 (W.D. La. 1993); *Sher v. Lafayette Ins. Co.*, 988 So. 2d 186, 201 (La. 2008).

10

In response to the Motion for Summary Judgment, Plaintiff contends she can recover attorneys' fees incurred in the instant action under Louisiana Civil Code article 1958. Under Louisiana Law, fraud is a vice of consent which gives rise to an action to rescind a contract.[59] When a contract is rescinded because of fraud, Louisiana Civil Code article 1958 provides, "[t]he party against whom rescission is granted because of fraud is liable for damages and attorneys' fees." When consent to a contract is vitiated by fraud and the defrauded party chooses not to seek rescission of the contract, the defrauded party still may recover attorneys' fees.[60]

Plaintiff's Petition alleges State Farm committed fraud by concealment but does not bring a cause of action for attorneys' fees under article 1958.[61] Even if Plaintiff had brought a cause of action pursuant to article 1958, she has not raised the facts necessary for her to recover attorneys' fees incurred in the instant action. Plaintiff alleges State Farm committed fraud by concealing the data used to calculate the amount of payments and refusing to provide her with an accounting of the payments owed.[62] Plaintiff's allegations regarding State Farm's contractual fraud do not relate to consent to the formation of the Agent's Agreement. Plaintiff's statement of material facts precluding summary judgment does not contain any facts relating to fraud in the formation of the Agent's Agreement.[63] As a result, Plaintiff has failed to raise a disputed issue of material fact regarding the applicability of article 1958. Accordingly, Plaintiff has failed to identify a statute or contractual provision which entitles her to an award of attorneys' fees in the instant action or demonstrate a genuine issue of material fact with respect to her recovery of attorneys'

---

[59] Louisiana Civil Code article 1948.
[60] *Stutts v. Melton*, 130 So.3d 808, 814-15 (La. 2013).
[61] R. Doc. 1-1.
[62] R. Doc. 1-1 at ¶¶ 21, 23.
[63] R. Doc. 75-2.

fees in the instant action. State Farm is entitled to summary judgment denying Plaintiff's claim for attorneys' fees in the instant action.

## **CONCLUSION**

**IT IS ORDERED** that the Motion for Partial Summary Judgment[64] filed by Defendants State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Insurance Company, and State Farm General Insurance Company is **GRANTED**.

**New Orleans, Louisiana, this 22nd day of March, 2019.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[64] R. Doc. 56.