## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| KATHRYN H. THERIOT, | CIVIL ACTION |
| --- | --- |
| Plaintiff | |
| VERSUS | NO. 17-1688 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL., | SECTION: "E" (3) |
| Defendants | |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendants State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Insurance Company, and State Farm General Insurance Company ("State Farm") seeking judgment as a matter of law on Plaintiff's claim for an accounting.[1] Plaintiff Kathryn Theriot opposes the motion.[2] State Farm filed a reply.[3] For the following reasons, the motion is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Katheryn Theriot is the surviving spouse of John Patrick Theriot ("Mr. Theriot"), who was an agent/broker for State Farm before his death on September 16, 2013.[4] The parties do not dispute that Mr. Theriot and State Farm entered into an Agent's Agreement which provides for the payment of certain termination payments.[5] It is undisputed that the Agent's Agreement outlines the formula for calculating Section IV and Section V Termination Payments.[6] On May 17, 2017, the Louisiana Third Circuit

---

[1] R. Doc. 47.
[2] R. Doc. 72.
[3] R. Doc. 82.
[4] R. Doc. 1-1 at ¶¶ 2, 6; R. Doc. 1 at ¶ 5.
[5] R. Doc. 47-2 at ¶ 4; R. Doc. 72-11 at ¶ 4.
[6] R Doc. 47-2 at ¶ 4; R. Doc. 72-11 at ¶ 4.

1

Court of Appeals determined Plaintiff Kathy Theriot is the proper recipient of the Section IV and Section V Termination Payments.[7] The parties do not dispute that State Farm has made several termination payments under Section IV and Section V of the Agent's Agreement.[8] However, the parties dispute whether the payments made by State Farm constitute the total amount of Section IV and Section V Termination Payments owed.[9]

On November 20, 2017 Plaintiff filed the instant lawsuit, seeking "all amounts which were due to her under the Agent's Agreement" and "all additional amounts owed to her as the sole beneficiary of the Termination Payments owed by State Farm under the Agent's Agreement."[10] Plaintiff requests "a full and detailed accounting by State Farm of all amounts which were due to her under the Agent's Agreement, using the data in the sole possession of State Farm, from the date payments became due upon the death of Pat Theriot to the present date, and continuing into the future."[11] On May 8, 2018, State Farm filed the instant Motion for Summary Judgment, arguing it is entitled to judgment as a matter of law on Plaintiff's claim for an accounting.[12]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] "An issue is material if its resolution could affect the outcome of the action."[14] When assessing whether a material factual dispute exists, the Court considers "all of the

---

[7] R. Doc. 1-1 at ¶ 10; R. Doc. 55 at ¶ 10.
[8] R. Doc. 47-2 at ¶¶ 5, 8; R. Doc. 72-11 at ¶¶ 5, 8.
[9] R. Doc. 47-2 at ¶ 5, 9; R. Doc. 72-11 at ¶ 6.
[10] R. Doc. 1-1 at ¶¶ 22, 24.
[11] R. Doc. 1-1 at ¶¶ 22, Prayer .
[12] R. Doc. 47.
[13] FED. R. CIV. P. 56; *see also Celotex*, 477 U.S. at 322–23.
[14] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[15] All reasonable inferences are drawn in favor of the non-moving party.[16] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[17]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[18] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[19]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's

---

[15] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[16] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[17] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[18] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[19] *Celotex*, 477 U.S. at 322–24.

claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[20] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[21] If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[22] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[23] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[24]

## LAW AND ANALYSIS

State Farm argues it is entitled to summary judgment on Plaintiff's claim for an accounting because neither the Agent's Agreement, Mr. Theriot's will, nor Louisiana law

---

[20] *Id.* at 331–32 (Brennan, J., dissenting).
[21] *See id.* at 332.
[22] *Celotex*, 477 U.S. at 322–24.
[23] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[24] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

4

entitles Plaintiff to an accounting from State Farm. In opposition, Plaintiff argues the Court already determined she may bring a claim for an accounting when it ruled in her favor on State Farm's Motion to Dismiss. Plaintiff also argues she may assert all rights under the Agent's Agreement.

Drawing all inferences in her favor, Plaintiff cannot demonstrate she is entitled to an accounting. First, in ruling on the Motion to Dismiss, the Court did not expressly address Plaintiff's right to an accounting.[25] Second, even assuming Plaintiff may assert rights under the Agent's Agreement, the agreement does not provide for an accounting.[26]

Further, the case cited by Plaintiff to support her claim for an accounting does not demonstrate she is entitled to an accounting. In *Hall v. Habul*, the parties entered into a joint venture or partnership to develop real estate.[27] Under Louisiana Civil Code article 2809, partners owe each other fiduciary duties and "must account to the partnership . . . for profits."[28] As a result, the court found one of the partners was entitled to an accounting from the other partner.[29]

Viewing the evidence in the light most favorable to Plaintiff, Plaintiff has not alleged facts establishing she and State Farm were in a partnership or joint venture, entitling her to an accounting under article 2809. As a result, Plaintiff does not identify any contractual or legal entitlement to an accounting. Accordingly, Plaintiff has failed to meet her burden on summary judgment, and State Farm is entitled to judgment as a matter of law denying Plaintiff's claim for an accounting.

---

[25] R. Doc. 22.
[26] R. Doc. 72-1 (Agent's Agreement); R. Doc. 72-2 (Amendments to Agent's Agreement).
[27] *Hall v. Habul*, No. 13-406, 2014 WL 2441177, at *2 (M.D. La. May 30, 2014).
[28] La. Civ. Code art. 2809; *see also Hubbard v. Pike*, 42,233 (La. App. 2 Cir. 7/11/07), 962 So.2d 1094, 1101 (Caraway, dissenting) ("Partners in a joint venture owe fiduciary duties and an accounting for profits. The accounting would at least represent a joint obligation of the partners.").
[29] *Hall v. Habul*, No. 13-406, 2013 WL 5774700, at *2 (M.D. La. Oct. 24, 2013).

## CONCLUSION

**IT IS ORDERED** that the Motion for Partial Summary Judgment[30] filed by Defendants State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Insurance Company, and State Farm General Insurance Company is **GRANTED**.

**New Orleans, Louisiana, this 25th day of March, 2019.**

                                        **SUSIE MORGAN**
                            **UNITED STATES DISTRICT JUDGE**

---

[30] R. Doc. 47.